IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VICTOR HOLM,

                              ORDER

              Plaintiff,

                          17-cv-72-bbc

        v.

STEVE HELGERSON, DALIA SULIENE,
DR. SPRINGS, KARL HOFFMAN,
SALAM SYED, TRISH ANDERSON,
KIM CAMBELL, JOANE LANE,
JEAN CARLSON, CHARLES FACKTOR
CHARLES COLE, L. ALSUM O'DONOVAN,
J. LABELLE, DOE #1 and DOE #2,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Victor Holm has filed a complaint in which he alleges that various prison officials at the Columbia Correctional Institution violated his Eighth Amendment rights by failing to provide adequate medical care for chronic pain that he began to experience in his neck and shoulder in 2011. Plaintiff has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening. 28 U.S.C. § 1915(e)(2) and § 1915A.

I cannot allow plaintiff to proceed at this time because his complaint does not provide fair notice to many of the defendants, as required by Rule 8 of the Federal Rules of Civil Procedure. Plaintiff starts out well by identifying specific things that he believes particular

1

defendants did to violate his rights.  E.g., Cpt. ¶¶ 48-53, dkt. #1 (alleging that defendant Helgerson ignored plaintiff's complaints of pain for several days in May 2011).  However, plaintiff's allegations against many defendants are nothing more than legal conclusions that do not give the court or the defendant adequate notice of what each defendant did.  For example, plaintiff says that he "informed Karl Hoffman numerous times that he was in extreme pain and Karl Hoffman failed to treat the c[h]ronic and acute intense pain being suffered by Holm."  Id. at ¶ 84.  Plaintiff does not explain what he wanted Hoffman to do, identify when or where any of his interactions with Hoffman occurred or otherwise provide any context for this conclusory allegation.  Without that context, it is impossible to determine whether plaintiff states a claim against Hoffman.

Plaintiff's allegations against many of the other defendants similarly fail to provide fair notice of what those defendants allegedly did to violate plaintiff's rights.  Plaintiff includes the same allegation that he makes against Hoffman against defendant Salam Syed as well.  Id. at ¶ 85.  As to defendants Anderson, Lane, Carlson, Facktor, Cole, O'Donovan and LaBelle, plaintiff alleges only that each "was deliberately indifferent to Holm's serious medical needs when [he or she] failed to act upon knowledge that Holm was suffering acute intense and c[h]ronic pain due to HSU failures that should have treated the pain to minimize Holm's suffering and treated the cause of the pain."  Id. at ¶¶ 102-09.  Again, plaintiff does not provide enough information to allow a determination whether any of those defendants may have violated plaintiff's rights.

I will give plaintiff an opportunity to file an amended complaint that gives fair notice

as required by the Federal Rules of Civil Procedure.  In drafting his new complaint, plaintiff should keep in mind the elements of his claims.  In particular, a plaintiff raising a claim for inadequate medical care under the Eighth Amendment must prove three things:

> (1) the plaintiff had "a serious medical need," which simply means that he needed the medical treatment that he was requesting and that the failure to provide that treatment subjected him to a substantial risk of serious harm;

> (2) the defendant was aware that the plaintiff needed treatment;

> (3) the defendant consciously failed to take reasonable steps to help the plaintiff get the treatment he needed.

King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012).  Thus, plaintiff's allegations against each defendant should explain what each defendant knew about plaintiff's medical problems (and how that defendant learned that information, if plaintiff knows), along with what each defendant said and did after learning about those problems.


ORDER

IT IS ORDERED that plaintiff Victor Holm may have until April 17, 2017, to file an amended complaint that provides fair notice of his claims against each defendant.  If plaintiff does not respond by April 17, 2017, I will screen the merits of those claims in the

original complaint that provide fair notice and dismiss the remaining claims under Fed. R.

Civ. P. 8.

Entered this 31st day of March, 2017.


BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

4