IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VICTOR HOLM,

                                                                                ORDER

                   Plaintiff,

                                                        17-cv-72-bbc

     v.

STEVE HELGERSON, DALIA SULIENE,
DR. SPRINGS, KARL HOFFMAN, SALAM SYED,
TRISH ANDERSON and J. GHODE,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Victor Holm is proceeding on Eighth Amendment claims that various health care staff at the Columbia Correctional Institution failed to provide him appropriate treatment for a herniated disc and three bulging discs in his spine. Now before the court is plaintiff's motion to compel defendants to produce a certified copy of his medical records dated May 1, 2011 to the present. Dkt. #19. That motion will be denied.

In his motion, plaintiff contends that the prison continues to deny his requests for a legal loan on the ground that he has sufficient funds in his regular account, even though he has had only $1.23 in that account for the past seven months. Plaintiff argues that defendants will not produce a "certified copy" of his medical records as he requested and that he does not have the funds to make the copies on his own. Defendants responded on February 7, 2018, saying that plaintiff failed to confer with defense counsel before filing his

1

motion, as required by this court's procedures. Dkt. #20. However, defendants stated that they verified that plaintiff has insufficient funds in his account to cover copying costs and would allow plaintiff to apply for a legal loan. (Typically, a prisoner in plaintiff's situation would review his medical records and use legal loan funds to pay for any copies that he may need.)

Documents attached to plaintiff's February 16 reply brief show that plaintiff received a legal loan for $100 in 2017 for this case and was approved for another $50 legal loan for two cases he has in this court on February 12, 2018. Dkt. #25, exh. #4. Although plaintiff says that he has reviewed his medical records many times and has copies of "a great deal" of them, he continues to argue in his reply brief that $50 is not enough for him to obtain a "certified copy" of all of his health care records from May 1, 2011 to the present. He does not specify how many records that he has in his possession or how many copies he still needs to make but just says that he does not have the funds to pay for. It also is unclear what plaintiff means by a "certified copy" of his medical records, but he should be aware that he does not need to have a "certification" of any kind to use copies of his medical records as evidence in his case. To the extent that plaintiff is arguing that he needs a certification to authenticate the documents, he may submit the documents as evidence on summary judgment or at trial along with his own declaration swearing that the documents are copies of the medical records that he received from defendants or the health services unit.

On February 19, 2018, plaintiff sent a letter to defense counsel and this court, stating that he received 260 pages from his medical file on February 17, but the copies were not

certified as he had requested. Dkt. ##26-27. As explained above, it does not matter whether the records are certified. Although it appears that plaintiff believes that the prison is supposed to send him more copies of his medical records, it is unclear what he is missing and why he was not sent the copies. Although plaintiff generally complains about $50 not being enough to make copies, he does not state that he was denied copies of certain records because he did not have enough money to pay for them.

In any event, because plaintiff does not need "certified copies" of his medical record to litigate this case, his motion to compel the production of certified copies will be denied. However, defendants should respond to plaintiff's February 19, 2018 letter and attempt to resolve the problem plaintiff is having in obtaining the remaining copies of his medical records. If the parties are unable to resolve this dispute among themselves after making a good faith attempt to do so, they may contact the court for additional assistance.

ORDER

IT IS ORDERED that plaintiff Victor Holm's motion to compel, dkt. #19, is DENIED.

Entered this 13th day of March, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge